Emanuel Jacobowitz, WSBA #39991
Nathan J. Arnold, WSBA # 45356
JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 First Avenue, Ste. 200
Seattle, WA 98121
(206) 866-3230 Fax: (206) 866-3234
manny@jjalaw.com

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| In Re:<br><br>CDC Properties I, LLC,<br><br>Debtor.<br><br>SHARON GRAHAM BINGHAM 2007 TRUST, HENRY W. DEAN, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>MLMT 2005-MCP1 WASHINGTON OFFICE PROPERTIES, LLC, a limited liability company; and RAINIER FORECLOSURE SERVICES, INC., a Washington corporation,<br><br>Defendants. | **Case No. 11-41010-BDL**<br><br>**Adversary Number** _____<br><br>**COMPLAINT** |

## INTRODUCTION

1. Plaintiff, Henry W. Dean as Trustee for the Sharon Graham Bingham 2007 Trust, Creditor, comes to this Court to restrain and enjoin the non-judicial foreclosure sales set for **Friday,**

**COMPLAINT** -- PAGE 1

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230 FAX: (206) 866-3234

Case 17-04119-BDL    Doc 1    Filed 12/07/17    Ent. 12/07/17 14:33:45    Pg. 1 of 5

**December 15, 2017**, because it is now clear that the lienholders manufactured the default which supposedly justifies the foreclosures.

## PARTIES

2. Plaintiff, Henry W. Dean as Trustee for the Sharon Graham Bingham 2007 Trust (the "SGB Trust") is the trustee of a Washington state trust, assignee of Claim No. 7 in the underlying bankruptcy case (the "CDC Bankruptcy").

3. Defendant MLMT 2005-MCP1 Washington Office Properties, LLC ("MLMT"), is a Washington limited liability company, assignee of the claimed debts referred to as "A Note" and "B Note" in the CDC Bankruptcy, and beneficiary under the associated Deeds of Trust securing those debts (the "Deeds of Trust").

4. Defendant Rainier Foreclosure Services, Inc. is a Washington State corporation, Trustee under the Deeds of Trust.

## JURISDICTION AND VENUE

5. This adversary proceeding arises under a Chapter 11 case. Therefore, this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(1) and under its retained jurisdiction in the Confirmed Plan in the CDC Bankruptcy (ECF No. 119).

6. The cause of action herein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(G), (K), N) and (O).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## FACTS

8. The Debtor's property consisted of ten office buildings throughout Washington including, Lacey, Tumwater, Seattle, Moses Lake, and Wenatchee. The majority of the office space is occupied by Washington State agencies including the Department of Social and Health Services,

**COMPLAINT** -- PAGE 2

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230  FAX: (206) 866-3234

Case 17-04119-BDL    Doc 1    Filed 12/07/17    Ent. 12/07/17 14:33:45    Pg. 2 of 5

the Gambling Commission, the Employment Security Department, and the Department of Licensing. On CDC-1 Properties 1, LLC ("Debtor")

9. On February 10, 2011, the Debtor filed a voluntary Petition under Chapter 11. The Debtor filed its original plan on June 10, 2011. Dkt. 54. Members of the creditor classes thereafter proposed and negotiated with the Debtor certain modifications to the original plan. A modified plan was proposed and accepted by all voting creditors. Dkt. 119, p.2. The Debtor's plan of reorganization (the "Plan") was approved by this court pursuant to this court's order dated November 22, 2011. Dkt. 119.

10. The Plan recognizes SGB Trust's assignor's Claim. To the extent that the Claim is contingent on the outcome of a dispute with creditor Equity Funding, LLC, the SGB Trust has resolved its dispute with Equity Funding, LLC and under that resolution is entitled to a portion of the recovery on their claims, after the first $6 million.

11. The A Note was originally held by Wells Fargo as Trustee for the holders of Merrill Lynch Mortgage Trust 2005-MCP1, Commercial Pass Through Certificates, Series 2005-MCP1.

12. The B Note was held by LaSalle Bank, N.A. as Trustee for CBA-Mezzanine Capital Finance, LLC (Commercial Mortgage Certificate Series 2004-C2).

13. Midland Loan Services, Inc. acted as the special servicer for Wells Fargo and LaSalle. They are collectively referred to as "Lenders."

14. On or about October 14, 2016, the Lenders created or caused to be created MLMT as agent for foreclosure of the properties securing the A Note and B Note (the "Properties."), and assigned to MLMT the A Note, the B Note, and the Deeds of Trust.

**COMPLAINT** -- PAGE 3

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230 FAX: (206) 866-3234

Case 17-04119-BDL    Doc 1    Filed 12/07/17    Ent. 12/07/17 14:33:45    Pg. 3 of 5

15. All of the tenant income from the properties was being deposited into a central bank account that was exclusively controlled by the Lenders. The Lenders were then to utilize the money in the account and make payments according to the Plan.

16. MLMT and the Lenders claim the B Note went into default in March of 2013 because of a failure to make a payment. The payment obligation on the B Note was $27,792.18.

17. Subsequent discovery confirms that there was ample money in the central account to make the payment. The Lenders didn't make the payment as required under the Plan, and now claim that its own failure in making that payment has triggered millions of dollars in default interest and penalties.

18. Based on the manufactured default, the Lenders began non-judicial foreclosure proceedings in 2016.

19. After various legal maneuverings by a third party, the Lenders assigned the Deeds of Trust to MLMT, and MLMT reinstituted the non-judicial foreclosures by recording notices of trustees sales on or about October 19, 2016, setting the sales for **December 15, 2017**.

20. The SGB Trust did not get notice of the said foreclosure sales until MLMT referenced them in its pending motion in the CDC Bankruptcy (Dkt. No. 192) on November 28, 2017.

21. The Properties are tenanted and bringing in good income, and stand to appreciate in value. If the foreclosure sales proceed, the SGB Trust and other creditors will lose value.

## **FIRST CAUSE OF ACTION -- INJUNCTION**

22. The SGB Trust incorporates the above allegations as if fully set forth herein.

23. The SGB Trust has a clear legal or equitable right to recovery in the CDC Bankruptcy.

**COMPLAINT** -- PAGE 4

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230 FAX: (206) 866-3234

Case 17-04119-BDL    Doc 1    Filed 12/07/17    Ent. 12/07/17 14:33:45    Pg. 4 of 5

24. That right is put at immediate and irrevocable risk by the wrongfully-instituted impending foreclosure sales.

25. Legal remedy is inadequate to protect the SBG Trust's unique interest in the recovery from these unique Properties.

26. The SGB Trust is entitled to an injunction to prevent foreclosure.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays for relief as follows:

27. Judgment in its favor.

28. An order restraining and enjoining foreclosure.

29. Attorney's fees as may be allowed under statute or rule.

30. Such other and further relief as the Court may deem equitable and just.

**DATED** this 7th day of December, 2017.

JOHNSTON JACOBOWITZ & ARNOLD, PC

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA No. 39991
Nathan J. Arnold, WSBA No. 45356
2701 First Avenue, Suite 200
Seattle, WA 98121
(206) 866-3230; Fax (206) 866-3234
Manny@JJALaw.com
*Counsel for Plaintiff*

**COMPLAINT** -- PAGE 5

JOHNSTON JACOBOWITZ & ARNOLD, PC
2701 FIRST AVENUE, SUITE 200
SEATTLE, WA 98121
(206) 866-3230 FAX: (206) 866-3234

Case 17-04119-BDL    Doc 1    Filed 12/07/17    Ent. 12/07/17 14:33:45    Pg. 5 of 5